United States District Court
Southern District of Texas
**ENTERED**
November 20, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **THOMAS MASON,** § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-02724 |
| § | |
| **AMERICAN SECURITY INSURANCE** § | |
| **COMPANY,** § | |
| § | |
| Defendant. § | |

# MEMORANDUM & ORDER

This is an insurance dispute between Plaintiff Thomas Mason and Defendant American Security Insurance Company (ASIC). Before the Court is ASIC's Motion to Preclude Plaintiff's Recovery of Attorneys' Fees. ECF No. 5. ASIC asserts that Mason did not provide presuit notice 61 days before filing as the Texas Insurance Code requires, and Mason should therefore be prevented from recovering attorney's fees. The Court finds that Mason met his statutory obligations. Accordingly, ASIC's Motion to Preclude Plaintiff's Recovery of Attorneys' Fees is **DENIED**.

## I. BACKGROUND

ASIC insured Mason's residential property. This dispute arises out of damage caused to that property. The timeline of events underlying this suit is as follows:

- February 15, 2021: Mason's property was damaged.

1

- May 24, 2021: Mason submitted an insurance claim for this damage to ASIC.

- June 21, 2021: ASIC accepted Mason's claim and issued payment in the amount of $275.62.

- March 15, 2023: Mason's counsel sent ASIC a formal notice of claim. This notice did not include an estimate of the amount of property damage alleged.

- May 2, 2023: Mason provided ASIC with a damage estimate of $189,496.31.

- June 21, 2023: Mason filed this lawsuit in state court, bringing claims for (1) breach of contract, (2) anticipatory breach of contract, (3) breach of the duty of good faith and fair dealing, (4) violations of Chapter 17 of the Texas Business and Commerce Code, (5) violations of Chapters 541 and 542 of the Texas Insurance Code, (6) fraud, (7) conspiracy, and (8) violations of Chapter 304 of the Texas Finance Code.

- July 25, 2023: ASIC removed this case to federal court.

- August 23, 2023: ASIC filed its Motion to Preclude Plaintiff's Recovery of Attorneys' Fees. Mason responded, and ASIC replied.

II.     APPLICABLE LAW

The parties agree that this case is subject to the presuit notice provision in the Texas Insurance Code. The relevant provision requires insurance claimants to "give written notice" to potential defendants "not later than the 61st day before the date a claimant files an action." TEX. INS. CODE § 542A.003(a). This notice must include, among other things, "the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property." *Id*

2

§ 542A.003(b)(2). However, "presuit notice . . . is not required if giving notice is impracticable." *Id.* § 542A.003. Presuit notice is impracticable if "the claimant has a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire." *Id.* § 542A.003(d).

Failure to provide presuit notice may prevent a plaintiff from recovering attorney's fees. "If a defendant . . . pleads and proves that the defendant was entitled to but was not given a presuit notice" then "the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court." *Id.* § 542A.007(d).

### III.     ANALYSIS

It is undisputed that Mason did not meet the specific requirements in Tex. Ins. Code § 542A.003(a)-(b). Although he gave ASIC notice of the suit more than 61 days before filing, that notice did not include a specific damage amount. Mason did not provide that damage estimate until May 2, 2023, 50 days before he filed suit and 11 days short of the Insurance Code's required presuit notice period. ASIC argues that Mason should therefore be precluded from recovering attorney's fees under § 542A.007(d).

However, several of Mason's claims are subject to a two-year statute of limitations. *See Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003); *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828-29 (Tex. 1990). Mason's cause of action accrued on June 21, 2021, the day that ASIC accepted the claim. *See Castillo v. State Farm Lloyds*, 210 F. App'x 390, 394 (5th Cir. 2006). Had Mason waited the additional 11 days to file suit, his claim would have been time-barred. Fortunately, the Insurance Code contains an exception to the presuit notice

3

requirement in such situations where notice is impracticable. It allows litigants to forgo providing presuit notice so long as they have a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period is set to expire. TEX. INS. CODE § 542A.003(d).

ASIC makes two arguments as to why this exception should not apply. Neither is persuasive. The first is a statutory interpretation argument in which ASIC identifies that the impracticability exception in § 542A.003 is not explicitly replicated in § 542A.007, the section dealing with attorney's fees. Thus, ASIC contends that the Court must preclude attorney's fees pursuant to § 542A.007(d) even if presuit notice was impracticable under § 542A.003(d).

A plain reading of the text of § 542A.007(d) undermines this argument. It states that plaintiffs cannot receive attorney's fees "[i]f a defendant . . . pleads and proves that the defendant *was entitled to* but was not given a presuit notice." *Id.* § 542A.007(d) (emphasis added). That is, before applying § 542A.007(d), ASIC must prove it was entitled to presuit notice, which inherently involves examining the portions of the Insurance Code that dictate under what conditions one is entitled to presuit notice. Section 542A.003(d) is one such provision, and it states that presuit notice is not required when providing notice would be impracticable. Therefore, the attorney's fee analysis cannot be done in isolation.

Moreover, caselaw applying these provisions undercuts ASIC's argument. In deciding whether attorney's fees are precluded by § 542A.007(d), courts regularly assess whether the plaintiff was excused from giving notice under the impracticability exception in § 542A.003(d). *See, e.g.*, *Nexxt Holding, Inc. v. Travelers Cas. ins. Co. of Am*, No. CV H-20-817, 2020 WL 5702095, at *1 (S.D. Tex. Sept. 24, 2020) (Rosenthal, J.); *Hlavinka Equip. Co. v. Nationwide Agribusiness Ins. Co.*, 546 F. Supp. 3d 534, 535 (S.D. Tex. 2021); *Tadeo as Tr. of John E. Milbauer Tr. v. Great N. Ins. Co.*, No. 3:20-CV-00147-G, 2020 WL 4284710, at *8 (N.D. Tex. July 27,

2020); *J.P. Columbus Warehousing, Inc. v. United Fire & Cas. Co.*, No. 5:18-CV-00100, 2019 WL 453378, at *3 (S.D. Tex. Jan. 14, 2019), report and recommendation adopted, No. 5:18-CV-100, 2019 WL 450681 (S.D. Tex. Feb. 4, 2019).

A cursory consideration of the scheme ASIC proposes highlights its absurdity. Under ASIC's proposed reading of the Insurance Code, a plaintiff would be precluded from recovering attorney's fees because they failed to provide notice that the Insurance Code explicitly states they are not required to provide. This interpretation would create discord between the two sections, whereas the alternative reading creates consistency.

ASIC's second argument is that, even if the impracticability exception could apply here, Mason does not qualify for the exception. Courts generally refuse to apply the impracticability exception when it is clear that a plaintiff intentionally delayed filing until the limitations were about to run, only to then claim impracticability so as to skirt the presuit notice requirement. *Nexxt Holding*, 2020 WL 5702095, at *1; *Tadeo*, 2020 WL 4284710, at *8. Here, ASIC asserts that the Court should similarly find that the exception doesn't apply because Mason failed to explain why he could not have provided notice earlier.

Unlike in the cases ASIC relies on, this is not a situation in which a plaintiff intentionally utilized dilatory tactics. On the contrary, it appears Mason made every effort to provide ASIC as much notice as possible. He informed ASIC of his intention to sue and the basis for the suit almost 100 days in advance of bringing litigation. Furthermore, he explained that he was delayed in providing an estimate of the damage to his property because he had to retain multiple experts in order to provide an accurate and specific estimate. ECF No. 6 ¶ 11. As soon as Mason received the estimate, it was immediately transmitted to ASIC. *Id.* Unlike in *Tadeo*, where the plaintiff had an estimate and withheld it, here Mason did not have a damage estimate 61 days before the statute

of limitations was set to run. *Tadeo*, 2020 WL 4284710, at *8. It is true that Mason ultimately provided one part of the presuit notice, the damages component, 11 days late. However, the facts in this dispute do not evince a plaintiff who is purposefully delaying notice to avoid statutory requirements. In sum, unlike the plaintiffs in ASIC's cited authorities, Mason has met the statutory requirement of showing he had "a reasonable basis for believing there [was] insufficient time to give the presuit notice before the limitations period [would] expire." TEX. INS. CODE § 542A.003(d). He is therefore not precluded from obtaining attorney's fees under § 542A.007(d).

IV.     CONCLUSION

Texas Insurance Code § 542A.007(d) does not preclude Mason from recovering attorney's fees in this case. Therefore, ASIC's Motion to Preclude Plaintiff's Recovery of Attorneys' Fees is **DENIED**.

**IT IS SO ORDERED.**

Signed at Houston, Texas on November 20, 2023.

                                                    Keith P. Ellison
                                                    United States District Judge